UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-CV-412-KKC

ALONZO CHAPPELL                                                                    PETITIONER

VS:                              **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA and
FEDERAL BUREAU OF PRISONS                                                    RESPONDENTS

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Alonzo Chappell ("Chappell"), a prisoner incarcerated at the Federal Correctional Institution

in Manchester, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2241. [Dkt. 1]  This matter is before the Court for screening.  28 U.S.C. § 2243; *Harper v. Thoms*,

2002 WL 31388736, *1 (6th Cir. 2002).  As Chappell is appearing *pro se*, his petition is held to less

stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir.

2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations in

his petition are taken as true and liberally construed in his favor.  *Urbina v. Thoms*, 270 F.3d 292,

295 (6th Cir. 2001).  But if the Court determines that the petition fails to establish adequate grounds

for relief, it may dismiss the petition or make such disposition as law and justice require.  *Hilton v.*

*Braunskill*, 481 U.S. 770, 775 (1987).

**I.      BACKGROUND**

On December 6, 1999, Chappell was charged in state court with two counts of criminal

possession of a forged instrument. On January 2, 2000, Kentucky authorities moved to revoke

Chappell's probation from a previous ten-year sentence for first-degree robbery.

On January 18, 2000, Chappell was taken into federal custody pursuant to a writ of habeas

corpus ad prosequendum to face federal bank robbery and firearms charges. Chappell subsequently

plead guilty to bank robbery in violation of 18 U.S.C. § 2113(a) and to use of a firearm during a

crime of violence in violation of 18 U.S.C. § 924(c)(1) and was sentenced to a 106-month term of

incarceration to be followed by a five-year term of supervised release. The Judgment and

Commitment Order (J&C Order") was, consistent with intention of the trial court as expressed

during the sentencing hearing, silent on whether the term was to be served concurrently with or

consecutively to any subsequently-imposed state sentence. *United States v. Chappell*, 00-CR-1,

Western District of Kentucky.

Chappell was then returned to the state custody. Kentucky revoked his probation and

reimposed the original ten-year sentence for the prior bank robbery conviction, and sentenced

Chappell to one year imprisonment on the charge of criminal possession of a forged instrument.

Both state judgments ordered these sentences to be served concurrently with the federal sentence.

On October 15, 2000, Kentucky authorities transferred custody of Chappell to federal

authorities. Officials from the Bureau of Prisons ("BOP") subsequently determined that this transfer

was made in error, and returned Chappell to Kentucky custody on December 15, 2000. It appears

that Chappell remained in Kentucky custody serving his Kentucky sentence until some point in 2003.

During this period, Chappell sought relief from the Kentucky courts, arguing that because

he was serving his Kentucky sentence first, federal authorities were not crediting him with time

against his federal sentence, thus depriving him of the benefit of the Kentucky court's order that his

Kentucky sentence be served concurrently with his federal sentence. After the Jefferson Circuit

Court denied relief, the Kentucky Court of Appeals ordered Chappell's Kentucky sentence vacated

on equitable grounds in order to give practical effect to this aspect of his sentence. *Chappell v.*

*Commonwealth*, Ky.App., 2003 WL 1227631 (2003).  Granting discretionary review, the Kentucky Supreme Court reinstated his sentence because Chappell had been returned to federal custody in 2003 for service of his federal sentence. *Commonwealth v. Chappell*, Ky., 2005 WL 629009 (2005).

Having obtained the primary relief he had sought through his transfer into federal custody, Chappell then sought to obtain relief for the three year period from 2000 to 2003 when his custody by Kentucky officials prevented him from receiving credit against his federal sentence.  In 2004 Chappell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Western District of Kentucky, asserting grounds for relief similar to those asserted here. *Chappell v. United States*, 04-CV-115, Western District of Kentucky.  Issuing its decision in 2006, the Court noted that under federal law, "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  18 U.S.C. § 3584(a).  Because the federal J&C Order was silent on the issue, the federal sentence was to run consecutive to any state sentence to the extent already served. *Chappell v. United States*, 2006 WL 228937 (W.D. Ky. 2006).

Nearly two years after that decision, Chappell has come before this Court seeking habeas relief, asserting that the BOP must give credit against his federal sentence for the time he spent in state custody.  Chappell alleges the BOP erred in returning him to state custody on December 15, 2000, and that he should not be penalized for this error by losing the opportunity to have his federal and state sentences run concurrently prior to his return to federal custody in 2003.

In his petition, Chappell indicates that his efforts to administratively resolve this issue with the BOP were limited to informal communications with staff and BOP officials.  Accordingly, the Court entered an Order on January 8, 2008, directing Chappell to explain and documents his efforts to exhaust the administrative remedy process within the BOP to resolve his claims.  [Dkt. 10]  In

3

response, Chappell has documented certain correspondence between himself or his legal counsel and certain BOP personnel regarding computation of his sentence and credit for time spent in state custody.  Chappell acknowledges that he did not utilize the BOP's grievance procedure, but asks that he be excused from doing so on futility grounds in light of the BOP's position taken in the correspondence.  [Dkt. 12]

## II.    DISCUSSION

Federal courts require inmates seeking habeas corpus relief to exhaust their administrative remedies before filing a petition under 28 U.S.C. § 2241.  *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy...'").  Chappell acknowledges he has not attempted to start, let alone complete, the BOP inmate grievance process, and this requirement is therefore plainly not satisfied.

Chappell requests that the exhaustion requirement be waived in his case.  Exhaustion is a judicially-created requirement for Section 2241 petitions, and a Court may waive the requirement if it finds that exhaustion would be futile.  *Davis v. Keohane*, 835 F.2d 1147 (6th Cir. 1987); *Manakee Prof. Med. Transfer Serv., Inc. v. Shalala*, 71 F.3d 574 (6th Cir. 1995).  Exhaustion of administrative remedies may be waived as futile only where there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." *James v. United States Dept. of Health and Human Serv.*, 824 F.2d 1132, 1139 (D.C. Cir. 1987).  Here, Chappell's counsel communicated

informally with BOP personnel and was denied reconsideration of the BOP's sentence calculations, but this alone is insufficient ground to conclude that the BOP "has evidenced a strong position on the issue together with an unwillingness to reconsider."

Further, the exhaustion requirement is designed to ensure not only that the agency be given the opportunity to review its conclusions short of litigation, but also that the district court be provided a complete record upon which to review the agency's final action. Having failed to utilize the BOP's formal grievance process, the record before the Court is scant regarding certain relevant facts. For example, Chappell's primary contention is that it was the BOP which erred in returning him to Kentucky custody on December 15, 2000, rather than, as the BOP contends, Kentucky's error in surrendering him to BOP custody in the first instance on October 15, 2000. The current record provides no evidence whatsoever relevant to either contention. Having such evidence in the record reinforces the need for exhaustion in this case.

The petitioner has also not made a sufficient showing to justify relief on the merits. Because the federal J&C Order was silent on the subject of the sentence running concurrently with any state sentence, federal law requires that it run consecutively. 18 U.S.C. § 3584 ("multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.") Chappell's request that his federal sentence commence, in essence, retroactive to the date of the commencement of his incarceration by Kentucky authorities also runs afoul of 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.") Finally, the BOP correctly noted that Chappell's five-year sentence for the use of a firearm during a crime of violence

in violation of 18 U.S.C. § 924(c)(1) cannot run concurrently with any other sentence, whether state or federal.  18 U.S.C. § 924(c)(1)(D) ("Notwithstanding any other provision of law ... no term of imprisonment imposed on a person under this subsection run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime in which the firearm was used, carried, or possessed."); *United States v. Gonzales*, 520 U.S. 1,  (1997); *see also Thomas v. Whalen*, 962 F.2d 358 (4th Cir. 1992) (prisoner's federal sentences did not commence until he was actually received at federal penitentiary for service thereof, and he was not entitled to receive credit against those sentences for time served in state confinement).  The effect of the expressed intention of the Kentucky courts that Chappell's Kentucky sentences run concurrently with his federal sentence may be determined by Kentucky authorities upon his release from federal custody, but it cannot override the express statutory requirements set forth in Section 924(c)(1)(D) with respect to Chappell's federal sentences.

## III.    CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)      Petitioner Chappell's petition for a writ of habeas corpus [Dkt. 3] is **DENIED.**

(2)      The Court certifies that any appeal would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

Dated this 15th day of January, 2008.



**Signed By:**

*Karen K. Caldwell*

**United States District Judge**